```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

JAMES T. RICHARDS,              )
        Plaintiff,          )
                                    )Civil Action No. 04-11862-NMG
    v.                          )
                                    )
MICHAEL J. SULLIVAN, UNITED     )
STATES ATTORNEY,                )
        Defendant.          )

### MEMORANDUM AND ORDER OF DISMISSAL

On August 23, 2004, James T. Richards, an inmate at the Norfolk County Correctional Center, filed his <u>pro se</u> petition for writ of mandamus accompanied by a motion to proceed <u>in forma pauperis</u>. Mr. Richards seeks to have this Court enter an order directing the United States Attorney for the District of Massachusetts to charge Mr. Richards with treason and other crimes.

For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

### DISCUSSION

As an initial matter, the Court recognizes that Mr. Richards failed to provide the Court with an original pleading containing his signature. Rather, he has filed a copy of his petition for writ of mandamus which does not contain an original signature as required by Rule 11 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 11(a) ("[e]very pleading . . . if the party is not represented by an attorney,

shall be signed by the party."); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").  Because this action is subject to dismissal for the reasons set forth below, Mr. Richards will not be directed to provide the Court with a copy of the petition containing his original signature.

To the extent Mr. Richards seeks a writ of mandamus ordering the United States Attorney to charge him with treason, this Court lacks jurisdiction over such a claim. Section 1361 of title 28 provides that:

> [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  The issuance of a writ of mandamus is extraordinary in nature and is seldom granted.  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam).

In order for a plaintiff to be entitled to a writ of mandamus, he must establish that he (1) has a clear right to the relief sought; (2) has no other adequate remedy; and (3) that there is a clearly defined and peremptory duty on the

part of the defendants.  Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988) (per curiam); accord Allied, 449 U.S. at 34-35 (party seeking writ must have no other adequate means to attain the relief he desires, and meet burden of showing that his right to issuance of the writ is clear and indisputable).

The existence of a duty on the part of defendant is jurisdictional.  Davis Assocs., Inc. v. HUD, 498 F.2d 385, 388 (1st Cir. 1974).  If no duty exists on the part of defendant, this Court lacks mandamus jurisdiction.  Id.  The burden of establishing subject-matter jurisdiction is on plaintiff. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

Here, plaintiff seeks an order directing the defendant to charge him with treason.  See Petition for Writ of Mandamus. However, plaintiff fails to demonstrate that he has a clear right to this relief.  The authority of a United States Attorney to "prosecute for all offenses against the United States" is governed by 28 U.S.C. § 547(1).  Under this statute, the United States Attorney is given broad discretion in deciding when to initiate legal proceedings. Courts are "powerless to interfere with his discretionary power.  The court cannot compel him to prosecute a claim or even an indictment." Pugach v. Klein, 193 F. Supp. 630, 634-635 (S.D.N.Y. 1961) (court cannot compel U.S. Attorney to prosecute state law enforcement officials for unlawful wiretapping).  Additionally, the

official discretion of the Attorney General is not subject to control by the judiciary at the insistence of private persons. Gant v. Federal Bureau of Investigation, 992 F. Supp. 846, 847-848 n. 2 (S.D. W. Va. 1998)(citing Peek v. Mitchell, 419 F.2d 575 (6th Cir. 1970). Thus, plaintiff's mandamus claim is subject to dismissal for lack of jurisdiction.

## ORDER

Based upon the foregoing, it is hereby ORDERED that this action is dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A, for lack of subject matter jurisdiction. The Clerk shall forward a courtesy copy of this Memorandum and Order to the Office of the United States Attorney.

SO ORDERED.

Dated at Boston, Massachusetts, this 7th day of October, 2004.

> s/ Nathaniel M. Gorton
> NATHANIEL M. GORTON
> UNITED STATES DISTRICT JUDGE